IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL JERMAINE KEMP, 3RD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-893 |
| | : | |
| v. | : | |
| | : | |
| OFC LEBESCO BADGE #5820, and OFC MOONEY BADGE #5723, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                   June 28, 2016

The *pro se* plaintiff, Samuel Jermaine Kemp 3rd, filed an application to proceed *in forma pauperis* and a complaint on or about February 10, 2016.  Doc. No. 1.  Because the plaintiff failed to file a certified copy of his prisoner account statement for the six-month period prior to filing this civil action, the court entered an order on March 3, 2016, which, *inter alia*, (1) denied without prejudice the application to proceed *in forma pauperis*, and (2) required the plaintiff, within 30 days of the date of the order, to either remit the $350 filing fee and $50 administrative fee to the clerk of court, or file a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance from any correctional facility in which he was confined during the six months prior to filing this civil action.  Order, Doc. No. 2.

Apparently in response to the March 3, 2016 order, on April 11, 2016, the clerk of court docketed a three-page handwritten document in which the plaintiff requested leave to proceed *in forma pauperis*.[1]  Doc. No. 3.  As the plaintiff once again failed to file a certified copy of his prisoner account statement, the court entered an order on April 13, 2016, in which the court

---

[1] Other than the indication that the plaintiff was seeking leave to proceed *in forma pauperis*, the remainder of the document is almost entirely illegible.

again (1) denied without prejudice the application to proceed *in forma pauperis*, and (2) required the plaintiff, within 30 days of the date of the order, to either remit the $350 filing fee and $50 administrative fee to the clerk of court, or file a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance from any correctional facility in which he was confined during the six months prior to filing this civil action.  Order, Doc. No. 4.

On May 16, 2016, the clerk of court docketed another handwritten document that the court interpreted as the plaintiff's request for additional time to file his certified prisoner account statement.[2]  Doc. No. 5.  On May 20, 2016, the court granted the request and provided the plaintiff with additional time up to and including June 20, 2016, to file his certified prisoner account statement.  Order, Doc. No. 6.  The court informed the plaintiff that "the court **will not** grant any additional extensions of this deadline and **will dismiss this case** without prejudice if the plaintiff does not submit a certified copy of his prisoner account statement by June 20, 2016."  *Id.*

To date, the plaintiff has not filed a certified copy of his prisoner account statement.  As such, he has failed to comply with the court's prior orders.  As the court warned, the plaintiff's continued failure to file his certified account statement warrants dismissal of this action without prejudice.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] As with almost all of the plaintiff's filings, the overwhelming majority of the remainder of the document is illegible.